85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny LACY, Jr. Petitioner-Appellant,
v.
Michael J. SULLIVAN, and Gerald A. Berge, Department of
Corrections, and the Fox Lake Correctional
Institution, Respondents-Appellees.
 No. 94-2909.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.[1]
Decided March 1, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 The district court denied Johnny Lacy's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Lacy appeals.
 
 
 2
 In 1992, Lacy pled guilty to operating a motor vehicle without the owner's consent, and fleeing an officer, for which he was sentenced to concurrent prison terms of seven years and one year, respectively. The Wisconsin Appellate Court apparently affirmed the convictions on direct appeal in an unpublished order. The unpublished order is not included in the record on appeal, although the district court noted in his decision that he had read the order. The record is nearly bare, making it difficult to determine the procedural posture of the claims and whether Lacy has exhausted all available state remedies, see Murray v. Carrier, 477 U.S. 478, 486 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977). This is particularly true where the petition for a writ of habeas corpus is decided in a summary manner, without an answer or response from the state. Lacy raises challenges to the effectiveness of counsel, and sentencing decisions made by the state trial court. But the record has not a single state court document in it--not the presentencing report, the sentencing judgment or transcript, or the Wisconsin Appellate Court's decision. We do not know, for example, whether he filed a petition for review to the Wisconsin Supreme Court, or any post-conviction pleadings. Regardless, in this particular case, the issues can be decided on the meager record before us.
 
 
 3
 The petition raises an ineffective assistance claim, based on trial counsel's failure to argue that prior convictions for misdemeanors could not be used to enhance his sentence since he was not represented by counsel in the prior proceedings. However, since uncounseled misdemeanor convictions may be used to enhance sentence at a subsequent conviction, Nichols v. United States, 114 S.Ct. 1921, 1927 (1994), Lacy could show neither a defective performance, nor resulting prejudice. See Strickland v. Washington, 466 U.S. 668, 699 (1984).
 
 
 4
 The remaining three arguments raise allegations involving only state law issues: an abuse of discretion in sentencing through failure to consider "intensive sanctions" other than prison and misapplication of state mandatory sentencing guidelines; the failure to grant leniency for cooperation; and the prosecution's withholding information about the codefendant's prior criminal history. These are not federal constitutional claims. Federal habeas court cannot provide relief for violations of state law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1981).
 
 
 5
 In addition, Lacy's motion for substitution of judge, based on his allegation that the judge was biased because he had his "mind made up regarding the sentencing of me even in denying the motion for substitution of judges" (habeas petition, p. 6), was untimely since it was filed on the day the trial began, and this question of timeliness is also a state law matter. Cf. State ex rel. Mace v. Circuit Court, 532 N.W.2d 720 (Wis.1995) (motion for substitution of judges must be filed before making any other motions, and before arraignment).
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.[2]
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). The appellee has notified the court that it will not be filing a brief in this appeal. Appellant has not filed a statement in response to our Rule 34 notice, and thus the appeal will be decided on appellant's brief and the record
 
 
 [2]
 In view of our holding, the motion for bail pending appeal is denied as moot